UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELLY M. STARK,<br><br>        Plaintiff,<br><br>    vs.<br><br>GNLV Corp., d.b.a. GOLDEN NUGGET LAS VEGAS,<br><br>        Defendant. | 2:15-cv-01311-RCJ-NJK<br><br>**ORDER** |

This case arises out of an employer's alleged violations of the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). Pending before the Court is a Motion to Dismiss (ECF No. 13). For the reasons given herein, the Court grants the motion in part and denies it in part.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Kelly Stark was hired by Defendant GNLV Corp. as a table games dealer at the Golden Nugget Casino in Las Vegas, Nevada on October 15, 1998. (Am. Compl. ¶¶ 6, 9, ECF No. 9). Defendant terminated Plaintiff on June 7, 2013 because of a medical episode she experienced while working on May 24, 2013. (*Id.* ¶ 9).

In approximately 2011, Plaintiff received a diagnosis of thyroidism. (*Id.* ¶ 10).[1] Symptoms of thyroidism include, but are not limited to, neuronal excitability, felling very hot or cold, sensory impairments, hypersensitivity to taste or smell, slow thought and movements, changes of speech, headaches, sleep disturbances, confusion (including delusions of hallucinations), impairment of memory and mental acuity ("brain fog"), and impaired vision and hearing. (*Id.* ¶ 11). Plaintiff underwent various therapies, including surgery, for her thyroidism. (*Id.* ¶ 13). Plaintiff was granted FMLA leave from July 19 to August 1, 2012 due to her surgery. (*Id.* ¶ 14). Plaintiff provided Defendant a copy of a doctor's note dated January 14, 2103 indicating her treatment for "adrenal fatigue, hypothyroidism, hormone insufficiency, and insomnia." (*Id.* ¶ 15).

On May 24, 2013, Plaintiff was dealing cards at a "high [bet] limit" table to a mother and son, two regular players whom Plaintiff had known since 1998. (*Id.* ¶ 16). Plaintiff was affected by the mother's strong perfume, which had never previously affected Plaintiff. (*Id.*). Plaintiff's body reacted with heat, panic, and anxiety. (*Id.* ¶ 17). Plaintiff backed away from the table to collect herself for a moment, but the reaction continued when she returned. (*Id.*). Plaintiff then experienced "brain fog," i.e., she became confused and could not function mentally. (*Id.* ¶ 18). Plaintiff notified her immediate supervisor, Jovalyn Del Rosario, who moved Plaintiff to another table, but the new table was still close enough to the first table that Plaintiff's reaction to the perfume continued. (*Id.* ¶ 19). Plaintiff told Del Rosario that she needed to take a break because she was choking, and she backed away from the table waving her hands in front of her face. (*See id.*). Del Rosario notified another manager, Bryan Daigneault, of the situation. (*See id.* ¶ 20).

---

[1] Plaintiff refers to the condition variously as *hyper*thyroidism and *hypo*thyroidism. (*See id.* ¶¶ 10–13). It is clear that Plaintiff means to allege a thyroid condition, but since it is not clear whether "hyper" or "hypo" is a typographical error, the Court will use the term "thyroidism."

Daigneault approached Plaintiff and asked if she needed to be removed from the pit, and Plaintiff said she did, explaining the situation to Daigneault. (*Id.*).  During a break, Plaintiff was able to collect herself enough to finish her shift, but she was unable to return to the same pit. (*Id.* ¶ 21).  Although Defendant was previously aware of Plaintiff's condition, on May 26 Defendant suspended Plaintiff over the May 24 incident and later terminated her. (*Id.* ¶¶ 23–24).

Plaintiff sued Defendant in state court.  Defendant removed.  The Amended Complaint ("AC") filed in this Court lists claims for: (1)–(2) discrimination under the ADA; (3) retaliation under the ADA; (4) interference under the FMLA; and (5) retaliation under the FMLA.  Defendant has moved to dismiss in part.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

1  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden
2  State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).
3       A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a
4  plaintiff must plead facts pertaining to his own case making a violation "plausible," not just
5  "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)
6  ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
7  draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is,
8  under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a
9  cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the
10 court can determine whether the plaintiff has any basis for relief under the legal theory he has
11 specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put
12 differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and
13 conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor
14 premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and
15 that liability necessarily follows therefrom, assuming the allegations are true.
16      "Generally, a district court may not consider any material beyond the pleadings in ruling
17 on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the
18 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner
19 & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents
20 whose contents are alleged in a complaint and whose authenticity no party questions, but which
21 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
22 motion to dismiss" without converting the motion to dismiss into a motion for summary
23 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule
24

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. ANALYSIS

Defendant asks the Court to dismiss any claims under Title VII for failure to state a claim. The Court perceives no Title VII claims in the AC, and Plaintiff in her response has disclaimed any intent to bring such claims.

Next, Defendant argues that Plaintiff has failed to state claims for either interference or retaliation under the FMLA, and that the FMLA claims are barred by the statute of limitations. The Court agrees that it is clear on the face of the AC that the statute of limitations bars the FMLA claims in part, i.e., as to any non-willful violations. There is a two-year statute of limitations under the FMLA, unless a violation is "willful," in which case the limitations period is three years. *See* 29 U.S.C. § 2617(c)(1)–(2). Plaintiff alleges she was terminated on June 7, 2013. (*See* Am. Compl. ¶ 9). Plaintiff filed the Complaint in state court between two and three years later, on June 15, 2015. (*See* Compl., ECF No. 1-3). Therefore, Plaintiff may only bring claims of willful FMLA violations; any claims of non-willful violations are time-barred.

Defendant argues that Plaintiff has failed to plead facts making out claims of willful interference or retaliation under the FMLA. Because neither the Supreme Court nor the Court of Appeals has defined "willful" under the FMLA, other circuits and the district courts in this Circuit have looked to the Fair Labor Standards Act, which defines willfulness as knowledge or

reckless disregard for whether the conduct was prohibited. *Schultz v. Wells Fargo Bank, N.A.*, 970 F. Supp. 2d 1039, 1053 (D. Or. 2013).

Plaintiff has alleged that Defendant knew of her thyroid condition and that she notified her supervisors of her need for leave during the incident by backing away from the table, indicating that she was choking from the perfume, and explaining the situation to the supervisors. (*See* Am. Compl. ¶¶ 19–20). Defendant had long been aware of Plaintiff's condition. (*See id.* ¶¶ 14–15). The Court finds that Plaintiff has sufficiently alleged a request for an *accommodation* but not *leave* during the incident, that Defendant knew of Plaintiff's condition, and that Defendant terminated her based on the incident. Plaintiff does not allege having requested to go home but only having requested to leave the particular table and/or pit. A request to leave work altogether is required for an FMLA claim as opposed to an ADA claim, which only requires a request for a reasonable accommodation, such as a break. The Court will therefore dismiss the FMLA claims, with leave to amend.

As Plaintiff notes, a request for leave under the FMLA need not be formal or invoke the FMLA by name. *See Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1185 (9th Cir. 2002) ("While employees must notify their employers in advance if they plan to take foreseeable leave for reasons covered by the Act, they need not expressly assert their FMLA rights or even mention the FMLA. Rather, the employer bears the responsibility of determining whether an employee's leave request is covered by the Act and must notify the employee accordingly. If the employer lacks sufficient information to determine whether an employee's leave (including leave taken in the form of a reduced schedule) qualifies under the FMLA, the employer should inquire further in order to ascertain whether the FMLA applies." (citations omitted)). Also, a request for leave need only be made "as soon as practicable when absences are not foreseeable." *Bachelder v. Am.*

*West Airlines, Inc.*, 259 F.3d 1112, 1130 (9th Cir. 2001) (citing 29 C.F.R. § 825.303(a)).  Here, Plaintiff alleges experiencing a sudden attack such that she could not have anticipated having to make a request for leave before the attack began.  Apart from the failure to allege a request to leave work altogether, which Plaintiff may amend to allege if she can, the Court finds that the FMLA claims are otherwise sufficiently pled, including the element of willfulness, given Defendant's prior knowledge of Plaintiff's thyroid condition.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 13) is GRANTED IN PART and DENIED IN PART.  No Title VII claims are pled.  The FMLA claims are DISMISSED with prejudice as time-barred as to any non-willful violations but are DISMISSED with leave to amend as to willful violations.

IT IS SO ORDERED.

Dated this 25th day of September, 2015.

_____
ROBERT C. JONES
United States District Judge